PENNINGTON and others *v.* KING.

*(Circuit Court, D. Massachusetts. May 26, 1881.)*

1. PATENT—AUTOMATIC LAWN SPRINKLERS—ANTICIPATION.

Sprinklers with radial arms, revolved automatically by the force of water passing out through one and the same side of each arm, and sprinklers having a semi-globular vessel, with radial ridges and perforations on one side thereof, causing the vessel to revolve by the water passing through them, *held*, not to anticipate a sprinkler having a rose or globe, with holes bored at an angle of inclination, so as to produce a revolving motion by the forcible discharge of water through them.

2. SAME—IMPROVEMENTS WITH PATENTED DEVICE—INFRINGEMENT.

The fact that the defendant holds a later patent for improvements will not license him to use the complainants' patented combination with such improvements. The employment by the defendant of an upright tube in combination with the complainants' device, enabling him to have an upward jet of water, and the addition of a valve to shut off the water from the rose, so that the jet may be alone used, or both used simultaneously, does not affect the infringement.

3. PATENT No. 203,069, granted Pennington and Beggs, April 30, 1878, for improvement in automatic lawn sprinklers. *held, valid.*

In Equity.

*Carroll D. Wright* and *A. E. Denison*, for complainants.
*Frank H. Angier*, for defendant.

LOWELL, C. J.    The plaintiffs sue on patent No. 203,069, issued to Pennington and Beggs, April 30, 1878, upon an application filed October 27, 1877, for an improvement in [lawn] sprinklers.    In this contrivance, water from a head is to pass through the ordinary socket tubes into a rose of circular shape, with a shoulder, and other bearings and fittings, to enable it to revolve freely at a low or a high pressure of the water.    The part with which we are chiefly concerned is the rose, which is thus described:

"The rose, C, is provided with a number of discharge holes, *d*, at the outer circumference, which holes are placed in a plane passing preferably through the hole, B, but bored at a certain angle of inclination through the rose, so as to produce the revolving motion of the same by the forcible discharge of the water through the holes."

A smaller number of holes are to be made, some of which are vertical, and some arranged at an opposite angle from the larger and more numerous holes, in order to retard the speed of rotation and add to the beauty of the jet.    The claim is for the combination of the pipes and the revolving rose, as shown and described.

Before the date of this invention, sprinklers were in public use having radial arms, which were caused to revolve by the force of the water passing out through one and the same side of each arm.    Besides this, two patents are produced which describe sprinklers much like that of the plaintiffs.    The Kirby patent, No. 197,773, was granted December 4, 1877, upon an application filed November 9, 1877.    This patent was some months earlier, but the application some days later, than that of Pennington and Beggs.    In the absence of other evidence of the dates of invention, the first application must be taken to represent the first invention.    I have, therefore, not examined the Kirby patent.

The other patent is that of Nathaniel D. Clark, No. 148,-596, dated March 17, 1874.    This sprinkler is like the plaintiffs', except in the revolving chamber, or rose.    I copy Clark's description of this part of his invention:

"E is a hollow vessel, which is formed of a plane and a convex side, the two forming a semi-globular vessel. The convex side has a number of radial ridges, *f*, *f*, formed in it at intervals by pressing or otherwise indenting the metal outward at the point where ridges occur, thus forming grooves on the inner or reverse side of the plate. Along one side of each of these ridges I make perforations, *i*, *i*, in the manner of perforating an ordinary sprinkler."

After describing the bearings, etc., he goes on:

"When thus arranged, the holes, *c*, *c*, in the upper end of the pipe, or nozzle, A, will communicate with the interior of the vessel, E, and will deliver the water into it. The water will then be forced out through the perforations by the internal pressure, and, as the perforations are all made on the same side of each ridge, the tendency of the water to pass out in a straight line will cause the vessel, E, to rotate automatically."

The question is whether there is enough invention to support the plaintiffs' patent, in changing a semi-globular chamber with ridges indented in it, and holes in one side of those ridges, into a circular chamber with slanting holes and no ridges. It is not whether Pennington and Beggs would be subordinate to Clark, but whether they can support their patent.

I have already given the state of the art, as shown by the record. Sprinklers had been made upon the principle of automatic revolution, by the water being all forced in one direction; but the particular means employed by Pennington and Beggs seem to me cheaper and simpler than those of Clark. There is nothing in Clark's patent about holes bored at an angle. On the contrary, I understand that his vessel would revolve better, and that he so describes and draws it, by boring the holes at right angles to the long axis of each ridge. There would be no occasion for the ridges if it were not so. In short, his ridges are the radial arms of the old sprinklers embedded in a chamber. The plaintiffs dispense with these ridges. Now, there is nothing in the record to instruct me that this is not a discovery; that a mechanic of ordinary skill and knowledge would make this change upon inspection of the Clark patent. In the specification of the defendant's patent, taken out in 1879, there is a statement that his rose, which is like the plaintiffs', is "caused to revolve on the principle of the well-known Barker's mill."

That mill is not known to me, and the only other allusions to it, in the record, are two passages in the testimony of the complainants' expert, from which I understand that it was made with radial arms, like the old sprinklers, which both experts agree are not anticipations of any of these sprinklers which contain a chamber. I therefore pronounce the patent to be valid.

The defendant has improved on earlier sprinklers, and holds a patent, later than the plaintiffs', for his improvements; but they are additions, and he uses the plaintiffs' combination, plus a tube, which enables him to have an upward jet of water, and a valve which allows him to shut the water off from the rose, so that the sprinkler may be turned into a jet, or both jet and sprinkler may operate simultaneously; but, whenever the rose is working, the apparatus for the jet has no effect upon its operation, or that of the combination of which it is a part, except to divert a small part of the water.

Decree for the complainants.